**DAVIDSON, Plaintiff v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF EAST CLEVELAND, Defendant.**

Court of Common Pleas, Cuyahoga County.

No. 523,520.   Decided March 2, 1943.

Ira D. Lucal, Esq., Cleveland, for plaintiff.
Ben B. Wickham, Esq., Cleveland, for defendant.

## OPINION

By McNAMEE, J.

This case presents the first appeal in this jurisdiction from a decision of a Board of Education terminating a teacher's continuing contract which had been executed pursuant to the provisions of the Teachers' Tenure Act, §7690-1 GC et seq. The case was heard on appeal by this Court upon the evidence contained in the transcript of the proceedings before the defendant Board and upon the arguments and briefs of counsel. This Court also examined the pleadings and journal entry of the Court of Appeals in the mandamus action hereinafter referred to.

Plaintiff, who is a holder of a life teaching certificate, began her career as a teacher in 1905. From that time until 1928 she served various boards of education, both as teacher and school administrator. In the latter year she was employed by the defendant Board of Education as a school administrator, serving as supervisor, acting superintendent of schools and assistant superintendent of schools until the 1941-42 school year. In the last two years of her employment with the defendant, viz., from September 1, 1939 to August 31, 1941, she served as assistant superintendent of schools at a salary of $5,000 per year.

Plaintiff married in July of 1939 shortly before assuming her duties as assistant superintendent in her last term in that office. Although the Board of Education was fully informed in regard thereto, plaintiff served these last two years without any objection because of her marriage. In 1932 the defendant adopted a resolution, effective only for that year, which prohibited the employment or re-employment of married women as. teachers. Since that time, however, it has been the unwritten policy of the Board not to employ married women as teachers except in special cases.

The General Assembly enacted the Teachers' Tenure Law on June 2, 1941, which became effective ninety days later on September 1, 1941. By virtue of the provisions of §7690-2 GC, teachers holding a professional permanent or life certificate, who at the time of the passage of the Act were completing five or more consecutive years of employment by a Board of Education, were entitled to receive a continuing contract.

On August 19, 1941, plaintiff herein wrote a letter to defendant,. directing its attention to the provisions of the Teachers' Tenure Law, and the mandatory duty of the Board thereunder to tender her a continuing contract. On August 19, 1941, the defendant. by formal resolution, abolished the position of assistant superintend-- ent of schools of the East Cleveland City School District. In fairness to the defendant it should be added that as early as March of 1941 the superintendent of schools, acting upon the direction of the Board, informally notified plaintiff that it was the Board's intention. to abolish her position as assistant superintendent at the expira-- tion of her term. At the same time the superintendent also informed plaintiff that there would be no position available to her in the school system of East Cleveland after that time. On August. 25th, 1941, the Board formally adopted a rule, which reads, in part:.

"* * * that as to terms of employment, beginning September 1, 1941, and thereafter, it is and shall be the rule of the Board not. to employ under regular contracts women teachers who are married, and that marriage of a woman teacher after entering into a. contract shall constitute a breach of such contract and ground for the termination thereof."

Under date of September 2, 1941, the defendant adopted a re- port of a special committee recommending that plaintiff herein

"be not re-employed to a position in our educational department"

and stated as its reasons for such action, the abolishment of the position of assistant superintendent,—the reduction in daily aver- age attendance of children at school,—the necessity for measures. of economy,—the absence of a position in the school system to which in the judgment of the superintendent of the Board Mrs. Davidson is properly adapted, and

"the fact that we have adopted a definite rule conforming to a long established practice not to employ married women as teachers."

Plaintiff was notified of the Board's action in this regard.

On May 11, 1942, plaintiff instituted suit in mandamus in the Court of Appeals of this district to compel the Board to tender her a continuing contract under the provisions of the Teachers' Tenure Law. On or about July 16, 1942, the Court of Appeals issued its. writ commanding the defendant to tender plaintiff a continuing contract for the year 1941-42 and thereafter as a teacher in the elementary grades of the East Cleveland School District.

On August 13, 1942, pursuant to the mandate of the Court of Appeals the Board tendered a continuing contract to plaintiff. This contract was accepted by plaintiff on August 14, 1942. At its meet- ing on August 13th, 1942, the Board also adopted a resolution de-

claring its intention to terminate the continuing contract tendered to plaintiff. This action was taken before plaintiff accepted the contract. By the terms of the resolution declaring its intention to terminate said contract the defendant also suspended plaintiff as a teacher pending final action by the Board. On September 14, 1942, upon a hearing, as provided by law, the Board adopted a resolution terminating the contract.

Section 7690-6 GC, reads, in part:

"A contract of a teacher may not be terminated except for gross inefficiency or immorality; for wilful and persistent violation of reasonable regulations of the board of education; or for other good and just cause."

No claim of inefficiency, immorality or wilful and persistent violation of regulations was contained in the specified grounds for the termination of plaintiff's contract. Defendant based its right to terminate the contract upon five grounds which it claims are embraced and included within the phrase "for other good and just cause" as set forth in §7690-6 GC. These five grounds, as summarized in defendant's brief, are as follows:

"1. Mrs. Davidson is a married woman, and the Board has a rule and policy of long standing against the employment of married teachers.

"2. The position formerly held, that of Assistant Superintendent, has been abolished and there is no need for the employment of any one in an administrative capacity.

"3. Mrs Davidson's experience in the East Cleveland Schools has been purely administrative, for which she is especially trained and fitted, and the Board deems it not in the best interests of the schools now to employ her as a teacher.

"4. There is no teaching position open to which the Board deems her adapted by training and experience.

"5. Diminishing enrollment and income make reduction in the teaching force necessary and the Board deems it unwise to replace a teacher of known teaching capacity and experience by one who has so long acted in purely an administrative capacity."

These alleged grounds for termination of the contract are identical in substance with the reasons given for the Board's decision not to re-employ plaintiff as contained in the resolution adopted by it on September 2, 1941. In the mandamus action in the Court of Appeals, the defendant relied upon the same grounds as constituting valid reasons for noncompliance with the provisions of the Teachers' Tenure Law requiring it to tender a continuing contract to plaintiff.

It is difficult to understand how any of the foregoing grounds can be deemed "other good and just cause" for the termination of

plaintiff's continuing contract of employment. As indicated, these grounds are a mere re-statement of the reasons upon which defendant sought to justify its refusal to tender such contract to plaintiff. The circumstances which existed on September 1, 1941 when the Teachers' Tenure Law became effective are identical with those which now obtain. Plaintiff has done nothing since that time which constitutes "good and just cause" for terminating her contract. It would be a strange anomaly, indeed, if the grounds which were found ineffectual to prevent her from obtaining a contract could now be asserted as "good and just cause" for terminating her rights thereunder.

Numbers two to five, inclusive, of the specified charges refer to the reasons for abolishing the position of assistant superintendent—defendant's intention not to re-employ plaintiff in any capacity—and the opinion of the Board that plaintiff's training and experience as an administrator render it inadvisable to employ her in a teaching capacity. They cannot be considered as being within the purview of "other good and just cause" as that phrase is used in §7690-6 GC.

**Section 7690-1 GC** defines the word "teacher" to include those who are employed by a Board of Education in administrative or supervisory positions.

**Section 7690-3 GC,** authorizes the transfer of an administrative officer to a teaching position "upon recommendation of the superintendent of schools and the approval of the Board of Education."

**Section 7690-7 GC,** provides that preference shall be given to teachers on the basis of seniority. It is, therefore, incumbent upon defendant to employ plaintiff as a teacher in the elementary schools. The Court of Appeals so held, and any reiteration of a previously declared policy not to employ her cannot be deemed cause for terminating her contract. The opinion of the Board that plaintiff's long experience in an administrative capacity disqualifies her from teaching in the schools is founded upon an assumption unsupported by any evidential fact. At the hearing on September 14, 1942, plaintiff testified that on many occasions while serving as an administrator she was required as part of her duties to "demonstrate teaching" to others and that she believed she was now able to regularly perform such work. The Superintendent of Schools, who testified on behalf of the Board, refused to state that he did not believe plaintiff qualified to teach. Plaintiff has a lifetime certificate authorizing her to engage in teaching.

In view of this state of the record, plaintiff is entitled to an opportunity to demonstrate whether she can teach, and to establish the truth or falsity of the assumption that her long experience in an executive capacity has disqualified her from efficiently performing the duties of a subordinate employee.

Ground number one of the specified charges rests upon the claim that plaintiff is married and that it is against the rule of the Board to employ married women as teachers. In disposing of

a similar claim which was asserted as a valid reason for refusing to tender a married woman teacher a contract as required by §7690-2 GC, the Supreme Court in **Bishop et al v Boards of Education, 139 Oh St 427,** said, at **page 443,** of the opinion:

"Her marriage was without significance, the law making no distinction between married and unmarried teachers."

The complete statement of the court in this regard is, as follows:

"Much of what has been said in connection with the Crieg case is applicable to the Louella Brown case. Relatrix Brown qualified as a teacher entitled to a continuing contract under the first proviso of §7690-2 GC. Her marriage was without significance, the law making no distinction between married and unmarried teachers. However, if a board of education has a rule against the employment or retention of married female teachers, and it should decide to attempt to discharge the holder of a continuing contract because of marriage, the situation would then come within the provisions of §7690-6 GC, and the question presented would then be whether marriage constitutes "other good and just cause" for terminating the contract. That question is not now before the court, and no opinion is expressed thereon."

Defendant evidently interprets the latter part of the foregoing statement of the Supreme Court to mean that a marriage prior to September 1st, 1941 which was "without significance" in its effect upon a female married teacher's right to obtain a continuing contract might immediately after such contract was executed, attain the significance of a "good and just cause" for terminating the same. This view is untenable. If such prior marriage were held to constitute "good and just cause" for terminating a teacher's continuing contract, a Board of Education which had been compelled by writ of mandamus to tender a contract to a teacher could immediately thereafter nullify the order of the court and abrogate the contract by the institution of proceedings to terminate it. Female married teachers who possess the requisite qualifications are entitled to a continuing contract notwithstanding the fact that they were married prior to September 1, 1941 in violation of a rule of a board of education.

Paragraph **seven** of the syllabi of **Bishop, et al., v Boards of Education, supra,** reads:

"7. Under the first proviso of §7690-2 GC, a certificated female teacher completing five or more continuous years of employment by a board of education was entitled to the tender of a continuing contract from such board on September 1, 1941, or within a reasonable time thereafter, even though she was then married and there

was a rule of the board in force against the employment or retention of married women teachers."

By virtue of the provisions of the Teachers' Tenure law, a teacher who receives a continuing contract acquires a status similar to that of a civil service employee. In the opinion of this Court it would be unjust to permit her removal from such status because of a marriage entered into prior to the effective date of the law. The Supreme Court has held that such marriages are ineffectual to prevent the vesting of a teacher's rights under the statute. If such prior marriages could be resorted to as a ground for terminating the continuing contracts of teachers then a rule of a board of education against marriage would be efficacious to over-ride and supersede the mandatory provisions of the law.

It should be noted also that the rule adopted by defendant on August 25, 1941, prohibits the employment "under regular contracts" of women teachers who are married. There was no employment here under a regular contract. By virtue of the provisions of §7690-2 GC defendant was compelled to employ plaintiff and accord her the continuing service status to which she became entitled under the law on September 1, 1941. The defendant's rule prohibiting the employment of married women as teachers further provides, in express terms:

"that the marriage of a woman teacher after entering into a contract shall constitute a breach of such contract and ground for the termination thereof."

This aspect of the rule is likewise inapplicable. Plaintiff's marriage did not occur after she entered into the continuing contract which the Board sought to terminate.

For the foregoing reasons it is unnecessary to determine whether a violation of the rule prohibiting marriage after a contract is entered into constitutes a "good and just cause" for the termination thereof. Nor is it necessary to decide whether a violation of such rule under circumstances different from those disclosed by the evidence in this case may be resorted to as a ground for terminating a teacher's continuing contract. Upon these questions and others which were argued by counsel this Court expresses no opinion. The Court does hold, however, that under the facts in this case the five grounds relied upon by defendant as warranting the termination of plaintiff's continuing contract do not constitute "good and just cause" within the purview of §7690 GC.

The decision of the Board of Education terminating plaintiff's continuing contract is reversed. O. S. J.